EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ALBANY
------------------------------------------------------------------X

**KEVEN STEBBINS,**

*Plaintiff,*

-against-

**CVS HEALTH CORPORATION,**
also known as CVS Health Corp.
and simply CVS Health,
**CVS PHARMACY, INC.**
**CVS HEALTH SOLUTIONS LLC,**
**885 CENTRAL LLC,**
**CVS ALBANY, LLC**
**CVS PHARMACY #417**
**ABC CORP., XYZ, LLC,**
**JOHN DOES 1 Through 10, and**
**JANE DOES 1 Through10**
(fictitious names, the true names being unknown),

*Defendants*

------------------------------------------------------------------X

Index No.: ____________

Date Index No. Purchased:

Plaintiffs designate
ALBANY COUNTY
as the Place of Trial

# Summons

*The basis of venue is CPLR §§ 503(a) and (c) based on Defendants' residence, and where the claim arose*

Defendants' residence and principal office:
885 Central Avenue
Albany, NY 12206

**COUNTY OF ALBANY**

*To the persons named as Defendants above:*

**PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED** to answer the complaint of the Plaintiff herein and to serve a copy of your answer on the Plaintiff at the address indicated below within 20 days after the service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the summons is not delivered personally to you within the State of New York.

YOU ARE HEREBY NOTIFIED THAT should you fail to answer, a judgment will be entered against you by default for the relief demanded in the complaint.

DATED: Mineola, New York
July 31, 2024

**MARK S. GURALNICK**
*A Professional Corporation*

**Mark S. Guralnick, Esq.**
*Attorney for the Plaintiff*
170 Old Country Road, Suite 600
Mineola, NY 11501
(347) 229-9700
Fax: (800) 613-2585
msg@guralnicklegal.com

***Defendants' Names and Addresses***:

**CVS HEALTH CORPORATION**
also known as CVS Health Corp.
and simply CVS Health,
One CVS Drive
Woonsocket, Rhode Island

**CVS HEALTH SOLUTIONS, LLC**
c/o CT Corporation System
28 Liberty Street
New York, NY 10005

**CVS PHARMACY, INC.**
c/o CT Corporation System
28 Liberty Street
New York, NY 10005

**885 CENTRAL, LLC**
800 Central Avenue
Albany, NY 12206

**CVS ALBANY, LLC**
Attn: Melanie Luker
One CVS Drive
Woonsocket, Rhode Island

**CVS PHARMACY #417**
885 Central Avenue
Albany, NY 12206

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ALBANY
-----------------------------------------------------------------X

**KEVEN STEBBINS,**

Index No.:

*Plaintiff,*

CIVIL ACTION

-against-

**CVS HEALTH CORPORATION,**
also known as CVS Health Corp.
and simply CVS Health,
**CVS PHARMACY, INC.**
**CVS HEALTH SOLUTIONS LLC,**
**885 CENTRAL LLC,**
**CVS ALBANY, LLC**
**CVS PHARMACY #417**
**ABC CORP., XYZ, LLC**,
**JOHN DOES 1 Through 10, and**
**JANE DOES 1 Through10**
(fictitious names, the true names being unknown),

**VERIFIED COMPLAINT**

*Defendants*
-----------------------------------------------------------------X

Plaintiff, KEVEN STEBBINS, by and through his undersigned attorney, complaining of the Defendants, CVS HEALTH CORPORATION, also known as CVS Health Corp. and simply CVS Health, CVS PHARMACY, INC., CVS HEALTH SOLUTIONS LLC, 885 CENTRAL LLC, CVS ALBANY, LLC, CVS PHARMACY #417, ABC CORP., XYZ, LLC, JOHN DOES 1 Through 10, and JANE DOES 1 Through10,(fictitious names, the true names being unknown), for Plaintiff's Verified Complaint, alleges, upon information and belief, as follows:

**THE PARTIES**

1. At all times relevant to this action, Plaintiff Keven Stebbins has resided at [redacted], New York.

2. Upon information and belief, and at all times hereinafter mentioned, the Defendant CVS HEALTH CORPORATION (hereafter "CVS Health"), also doing business as CVS Health Corp. and CVS Health, was and is a business corporation, which provides health care and retail pharmacy services, with its principal office at One CVS Drive, Woonsocket, Rhode Island. CVS Health owns, operates, controls, manages, staffs, indemnifies, or insures the other Defendants named herein, and/or functions as a parent company that controls the Defendants named herein, and/or represents, employs, and is responsible for any persons, corporations, companies, partnerships, public or private entities or business entities of any nature and their agents, servants or employees, or independent contractors, whose acts of negligence may have caused or contributed to the injuries and damages to Plaintiff KEVEN STEBBINS during the period set forth in this Complaint. On information and belief, CVS Health specifically owns and operates the CVS pharmacy at 885 Central Avenue, Albany, NY 12206.

3. Upon information and belief, and at all times hereinafter mentioned, the Defendant CVS PHARMACY, INC. (hereafter "CVS Pharmacy") was and is a foreign business corporation and a subsidiary, parent, successor and/or alter ego of CVS Health, with its principal office located at 1 CVS Drive, Woonsocket, Rhode Island. On information and belief, CVS Pharmacy owns, operates, controls, staffs and manages various CVS pharmacies and drugstores and did so at all times material hereto, including the store at 885 Central Avenue, Albany, NY 12206, and it represents, employs, and is responsible for any persons, corporations, companies, partnerships,

public or private entities or business entities of any nature and their agents, servants or employees, or independent contractors, whose acts of negligence may have caused or contributed to the injuries and damages to Plaintiff KEVEN STEBBINS during the period set forth in this Complaint.

4. Upon information and belief, and at all times hereinafter mentioned, the Defendant CVS Health Solutions, LLC (hereafter "CVS Solutions") was and is a foreign limited liability company and a subsidiary, parent, successor and/or alter ego of CVS Health, with a New York registered agent at 28 Liberty Street, New York, NY 10005.. On information and belief, CVS Solutions owns, operates, staffs, controls, and manages various CVS pharmacies and drugstores and did so at all times material hereto, including the store at 885 Central Avenue, Albany, NY 12206, and it represents, employs, and is responsible for any persons, corporations, companies, partnerships, public or private entities or business entities of any nature and their agents, servants or employees, or independent contractors, whose acts of negligence may have caused or contributed to the injuries and damages to Plaintiff KEVEN STEBBINS during the period set forth in this Complaint.

5. Upon information and belief, and at all times hereinafter mentioned, the Defendant 885 Central, LLC ("885 Central") was a domestic limited liability company of the State of New York, with its registered address at 800 Central Avenue, Albany, New York 12206, which owns operates, staffs, controls, and/or manages the CVS store at 885 Central Avenue, Albany, NY 12206, and which did so at all relevant times, and which represents, employs, and is responsible for any persons, corporations, companies, partnerships, public or private entities or business entities of any nature and their agents, servants or employees, or independent contractors, whose acts of negligence may have caused or contributed to the injuries and damages to Plaintiff KEVEN STEBBINS during the period set forth in this Complaint.

6. Upon information and belief and at all times hereinafter mentioned, the Defendant CVS ALBANY, LLC., (hereafter "CVS Albany"), was and is a domestic limited liability company, authorized to do business in the State of New York, which operates, manages, controls, and staffs pharmacies and drug stores, including specifically the CVS pharmacy at 885 Central Avenue, Albany, New York.

7. Upon information and belief and at all times hereinafter mentioned, the Defendant CVS Pharmacy #417, (hereafter "CVS 417"), was the particular CVS pharmacy at 885 Central Avenue, Albany, New York, which advertises and promotes itself as a retail pharmacy store open to members of the public. .

8. Upon information and belief, and at all times hereinafter mentioned, the fictitious parties designated as Defendants ABC CORP., XYZ, LLC., JOHN DOES 1 through 10 and JANE DOES 1 Through 10 (collectively hereafter simply "the John Doe Defendnts") are and were other business entities as well as pharmacists, pharmacy technicians, CVS supporting staff, employees and agents of Defendants CVS Health, CVS Pharmacy, CVS Solutions, 885 Central, CVS Albany and/or CVS 417, and/or of one or more other retail pharmacy businesses who provided pharmaceutical care, treatment, services, products and/or advice to the Plaintiff during the period set forth in this Complaint. These parties are named herein pursuant to CPLR § 1024, after Plaintiffs undertook diligent efforts by checking business and corporate records and conducted other searches to ascertain the identities of the said unknown defendants and concluding that further identification cannot presently be accomplished without conducting discovery. Accordingly, Plaintiffs reserve the right to amend this complaint upon ascertaining the true and complete identities of all such

fictitiously named parties, with all such amendments relating back to the original date of filing hereof.

9. For purposes of brevity and clarity, all references to "CVS" shall refer collectively to Defendants CVS Health, CVS Pharmacy, CVS Solutions, 885 Central, CVS Albany, CVS 417, and the John Doe Defendants, unless otherwise specified. All references to "the pharmacy" shall refer to the pharmacy at CVS Store #417, owned, operated, managed, controlled, staffed and supervised by one or more of the Defendants herein.

10. Upon information and belief and at all times hereinafter mentioned, CVS Health, CVS Pharmacy, CVS Solutions, 885 Central, CVS Albany, CVS 417, and the John Doe Defendants were alter egos of each other and one another; were agents and or principals with respect to one or more of the other Defendants; were each vicariously liable for the conduct of the other Defendants herein; ratified the conduct of the other defendants herein; and as to each such Defendant, liability is imputed to it under principals of *respondeat superior*, ratification or otherwise.

## AS AND FOR THE FIRST CAUSE OF ACTION

### *NEGLIGENCE AND MALPRACTICE*

11. Plaintiff KEVEN STEBBINS repeats, reiterates and realleges each and every allegation contained hereinabove in Paragraphs 1 through 10 above, inclusive, with the same force and effect as if more fully set forth herein at length.

12. At all relevant times, Plaintiff was a regular customer and business invitee of the CVS pharmacy at 885 Central Avenue, Albany, New York, to whom he entrusted the responsibility of filling his prescription for Gabapentin.

13. On or about August 6, 2022, Plaintiff entered upon the premises of the said pharmacy to pick up a refill of the aforestated prescription.

14. On the said date and at the said place, one or more of the John Doe defendants, working as pharmacists, support staff, employees and agents of CVS, carelessly, negligently and erroneously provided Plaintiff with a Xanax prescription instead of a Gabapentin prescription or otherwise included Xanax in his prescription.

15. Xanax contains the active drug alprazolam and belongs to a class of drugs known as benzodiazepines. Alprazolam is potentially habit-forming and is known for its risk of physical dependence and numerous serious and life-threatening side effects. Benzodiazepines such as Xanax are considered depressants and hypnotics; that is, they produce sedation and hypnosis. As such, benzodiazepines are widely misused and abused, and they account for a significant share of drug dependency. Gabapentin, by contrast, is used to treat benzodiazepine abuse and withdrawal.

16. Prior to August 6, 2022, having overcome severe drug dependencies and addictions in the past, Plaintiff had been strictly avoiding benzodiazepines and had been otherwise maintaining a strict regimen to support his recovery.

17. As a result of the negligence of CVS and of the John Doe Defendants in mistakenly giving Plaintiff Xanax, however, Plaintiff unknowingly consumed the Xanax, which immediately sent him on a tailspin: He became physically sick; suffered severe, continuing and unrelenting emotional turmoil, and found himself facing a relapse of his drug dependency.

18. Indeed, as a result of ingesting the unprescribed Xanax, Plaintiff experienced various physical and mental setbacks; he suffered with severe nausea and vomiting, sleep disturbances, difficulty in concentration, and he felt overwhelmed, shameful, severely anxious and depressed.

19. In fact, Plaintiff had been taking 13 prescribed medications, including Gabapentin, to treat his history of opioid addiction and his associated post-traumatic stress disorder (PTSD) – and this carefully curated medical program was torn asunder by the negligent actions of CVS and the John Doe Defendants.

20. Because of the careless, negligent and erroneous inclusion of Xanax in Plaintiff's medication, Plaintiff's recovery has been impeded, and his personal health has been adversely affected.

21. As a direct and proximate result thereof, Plaintiff was required to seek additional and/or corrective psychological treatment and counseling.

22. As a result of the negligence of Defendants, Plaintiff required subsequent medical intervention and additional medical treatments, to cure the multiple complications he experienced.

23. At all times therein, it was the duty of Defendants CVS Health, CVS Pharmacy, CVS Solutions, 885 Central, CVS Albany, CVS 417, and the John Doe Defendants functioning as CVS pharmacists, pharmacy technicians, supporting staff, employees and agents, to provide timely, accurate and medically authorized services, to provide precise and correct pharmaceutical products according to medical prescriptions, and to otherwise act consistent with, and in support of, the medical conditions and medical instructions prescribed for each pharmacy customer, including the Plaintiff herein.

24. To this end, CVS and the John Does Defendants owed a duty to render their services to the Plaintiff in a careful and prudent manner, with the requisite skill, discretion, care and judgment recognized as the standard in the pharmacy business and in the pharmaceutical profession under existing circumstances.

25. Instead, Defendants CVS Health, CVS Pharmacy, CVS Solutions, 885 Central, CVS Albany, CVS 417, and the John Doe Defendants were careless and negligent and departed from accepted and proper pharmacy practice in the services rendered to Plaintiff KEVEN STEBBINS.

26. Moreover, at all such times, Defendants CVS Health, CVS Pharmacy, CVS Solutions, 885 Central, CVS Albany, CVS 417, and the John Doe Defendants committed pharmacist and pharmacy malpractice by deviating from the proper standard of care and dispensing the wrong drug(s) to the Plaintiff, and furthermore:

(a) in failing to properly, timely, or adequately attend to and care for Plaintiff KEVEN STEBBINS;

(b) in improperly prescribing medication;

(c) in providing Plaintiff KEVEN STEBBINS with the wrong medication;

(d) in providing Plaintiff KEVEN STEBBINS with medication prescribed and filled for another patient;

(e) in distributing the wrong medication to Plaintiff KEVEN STEBBINS;

(f) in distributing Xanax (Alprazolam) to Plaintiff KEVEN STEBBINS;

(g) in ignoring guidelines and dosage recommendations and parameters;

(h) in failing to properly communicate;

(i) in failing to flag an improper prescription;

(k) in failing to recognize and heed Plaintiff KEVEN STEBBINS' medical history;

(l) in failing to render proper care;

(m) in failing to advise Plaintiff KEVEN STEBBINS of the risks, hazards, and complications to the medications provided;

(n) in otherwise failing to act as reasonable and prudent under the circumstances then and there existing; and

(o) in causing the injuries complained of herein.

27. As a direct and proximate result of Defendants' carelessness, negligence and pharmacy malpractice, Plaintiff KEVEN STEBBINS sustained serious physical, psychological, and emotional injuries, suffered significant setbacks in his drug recovery, and has endured severe and conscious physical pain, suffering and psychological distress, all of which said conditions are permanent.

28. By reason of the aforesaid carelessness, negligence, and malpractice of Defendants, Plaintiff also sustained economic losses and expended large sums of money for medical care, psychological treatment and therapy, follow-up and related costs, with such losses, expenses and costs continuing into the future.

29. At all relevant times, the conduct of Defendants in failing to provide Plaintiff KEVEN STEBBINS, a recovering drug addict, with the proper medical treatment and care, and the correct prescribed medication, so as to prevent injury and harm to Plaintiff; and thereby causing Plaintiff to ingest the wrong medicine, to subsequently suffer physically and psychologically, and to require additional and/or corrective treatment, was especially egregious, willful, intentional, outrageous, and repugnant.

30. By reason of the aforesaid, Plaintiff KEVEN STEBBINS was damaged in a sum far exceeding the jurisdictional limits of all lower courts and in consequence thereof, Plaintiff prays for money damages sufficient to compensate for all of the losses and damages suffered by him.

WHEREFORE, Plaintiff KEVEN STEBBINS demands judgment as to the First Count of the Complaint against the Defendants, CVS HEALTH CORPORATION, also known as CVS Health Corp. and simply CVS Health, CVS PHARMACY, INC., CVS HEALTH SOLUTIONS LLC, 885 CENTRAL LLC, CVS ALBANY, LLC, CVS PHARMACY #417, ABC CORP., XYZ, LLC, JOHN DOES 1 Through 10, and JANE DOES 1 Through10, individually, jointly, severally and in the alternative, for such compensatory and exemplary damages as will reasonably and properly compensate him in accordance with the laws of the State of New York, together with interest, attorneys fees, costs of suit and such other relief as a jury would find fair, adequate and just.

## AS AND FOR THE SECOND CAUSE OF ACTION

### *NEGLIGENT HIRING*

31. Plaintiff repeats, reiterates and realleges each and every allegation contained hereinabove in Paragraphs 1 through 30 inclusive with the same force and effect as if more fully set forth herein at length.

31. Defendants , CVS HEALTH CORPORATION, also known as CVS Health Corp. and simply CVS Health, CVS PHARMACY, INC., CVS HEALTH SOLUTIONS LLC, 885 CENTRAL LLC, CVS ALBANY, LLC, CVS PHARMACY #417, ABC CORP., and XYZ, LLC, were negligent in hiring pharmaceutical personnel like Defendants JOHN DOES 1 Through 10,

and JANE DOES 1 Through10, who were careless, unskilled, and negligent, and who did not possess the requisite knowledge and skills of pharmaceutical professionals in the community.

32. As a direct and proximate result of the negligence of CVS in hiring the said John Doe Defendants, Plaintiff KEVEN STEBBINS was exposed to the incompetence of the John Doe Defendants, as pharmacists, pharmacy technicians, support staff, employees and agents of CVS, when he was given the wrong medication, which proximately caused Plaintiff's physical, mental and psychological injuries and impeded Plaintiff's progress from his drug addiction recovery.

33. As a result of the foregoing, Plaintiff KEVEN STEBBINS sustained economic losses and expended large sums of money for medical care, psychological treatment and therapy, follow-up and related costs, with such losses, expenses and costs continuing into the future.

34. By reason of the aforesaid, Plaintiff KEVEN STEBBINS was damaged in a sum far exceeding the jurisdictional limits of all lower courts and in consequence thereof, Plaintiff prays for money damages sufficient to compensate for all of the losses and damages suffered by him.

WHEREFORE, Plaintiff KEVEN STEBBINS demands judgment as to the Second Count of the Complaint against the Defendants, CVS HEALTH CORPORATION, also known as CVS Health Corp. and simply CVS Health, CVS PHARMACY, INC., CVS HEALTH SOLUTIONS LLC, 885 CENTRAL LLC, CVS ALBANY, LLC, CVS PHARMACY #417, ABC CORP., XYZ, LLC, JOHN DOES 1 Through 10, and JANE DOES 1 Through 10, individually, jointly, severally and in the alternative, for such compensatory and exemplary damages as will reasonably and properly compensate him in accordance with the laws of the State of New York, together with interest, attorneys fees, costs of suit and such other relief as a jury would find fair, adequate and just.

## AS AND FOR THE THIRD CAUSE OF ACTION

***NEGLIGENT TRAINING AND SUPERVISION***

35. Plaintiff repeats, reiterates and realleges each and every allegation contained hereinabove in Paragraphs 1 through 34 inclusive with the same force and effect as if more fully set forth herein at length.

36. Defendants CVS HEALTH CORPORATION, also known as CVS Health Corp. and simply CVS Health, CVS PHARMACY, INC., CVS HEALTH SOLUTIONS LLC, 885 CENTRAL LLC, CVS ALBANY, LLC, CVS PHARMACY #417, ABC CORP., and XYZ, LLC, were negligent by failing to properly, continuously, completely, and effectively train and supervise their pharmaceutical personnel, such as Defendants JOHN DOES 1 Through 10, and JANE DOES 1 Through10, particularly in failing to provide proper care and proper prescribed medications to customers like Plaintiff KEVEN STEBBINS, and in possessing the requisite knowledge and skills of pharmaceutical professionals in the community.

37. As a direct and proximate result of the negligence of CVS in training and supervising their pharmaceutical personnel, Plaintiff KEVEN STEBBINS was exposed to the incompetence of Defendants JOHN DOES 1 Through 10, and JANE DOES 1 Through 10, as pharmacists, pharmacy technicians, support staff, employees and agents of CVS, when he was given the wrong medication, which proximately caused Plaintiff's physical, mental and psychological injuries and impaired Plaintiff's progress from his drug addiction recovery.

38. As a result of the foregoing, Plaintiff KEVEN STEBBINS sustained economic losses and expended large sums of money for medical care, psychological treatment and therapy, follow-up and related costs, with such losses, expenses and costs continuing into the future.

39. By reason of the aforesaid, Plaintiff KEVEN STEBBINS was damaged in a sum far exceeding the jurisdictional limits of all lower courts and in consequence thereof, Plaintiff prays for money damages sufficient to compensate for all of the losses and damages suffered by him.

WHEREFORE, Plaintiff KEVEN STEBBINS demands judgment as to the Third Count of the Complaint against the Defendants, CVS HEALTH CORPORATION, also known as CVS Health Corp. and simply CVS Health, CVS PHARMACY, INC., CVS HEALTH SOLUTIONS LLC, 885 CENTRAL LLC, CVS ALBANY, LLC, CVS PHARMACY #417, ABC CORP., XYZ, LLC, JOHN DOES 1 Through 10, and JANE DOES 1 Through10, individually, jointly, severally and in the alternative, for such compensatory and exemplary damages as will reasonably and properly compensate him in accordance with the laws of the State of New York, together with interest, attorneys fees, costs of suit and such other relief as a jury would find fair, adequate and just.

**AS AND FOR THE FOURTH CAUSE OF ACTION**

***VICARIOUS LIABILITY***

40. Plaintiff repeats, reiterates and realleges each and every allegation contained hereinabove in Paragraphs 1 through 39 inclusive with the same force and effect as if more fully set forth herein at length.

41. Defendants CVS HEALTH CORPORATION, also known as CVS Health Corp. and simply CVS Health, CVS PHARMACY, INC., CVS HEALTH SOLUTIONS LLC, 885 CENTRAL LLC, CVS ALBANY, LLC, CVS PHARMACY #417, ABC CORP., and XYZ, LLC were employers of Defendants JOHN DOES 1 Through 10, and JANE DOES 1 Through 10,on August 6, 2022, when the latter, as pharmacists, pharmacy technicians, supporting staff, as

employees and agents of CVS, carelessly, negligently and erroneously provided Plaintiff KEVEN STEBBINS with Xanax instead of a Gabapentin prescription.

42. On the said date, and at all times material herein, Defendants JOHN DOES 1 Through 10, and JANE DOES 1 Through 10,identified themselves as pharmacists, pharmacy technicians, supporting staff, employees and agents of the CVS, and at all such times, Defendants JOHN DOES 1 Through 10, and JANE DOES 1 Through 10, were acting within the course and scope of their employment.

43. In the alternative, Defendants JOHN DOES 1 Through 10, and JANE DOES 1 Through 10were acting for CVS with implied agency and authority or with apparent authority in dealing with Plaintiff KEVEN STEBBINS.

44. As the employers of the John Doe Defendants on the date in question, CVS is vicariously liable for the negligent acts of the said John Doe Defendants, particularly in providing Plaintiff KEVEN STEBBINS with the wrong medication and putting his physical and psychological health at risk.

45. As a direct and proximate result thereof, Plaintiff KEVEN STEBBINS suffered severe physical, mental and psychological injury, which impaired Plaintiff's progress from his drug addiction recovery.

46. As a result of the foregoing, Plaintiff KEVEN STEBBINS sustained economic losses and expended large sums of money for medical care, psychological treatment and therapy, follow-up and related costs, with such losses, expenses and costs continuing into the future.

47. By reason of the aforesaid, Plaintiff KEVEN STEBBINS was damaged in a sum far exceeding the jurisdictional limits of all lower courts and in consequence thereof, Plaintiff prays

for money damages sufficient to compensate for all of the losses and damages suffered by him.

WHEREFORE, Plaintiff KEVEN STEBBINS demands judgment as to the Fourth Count of the Complaint against the Defendants, CVS HEALTH CORPORATION, also known as CVS Health Corp. and simply CVS Health, CVS PHARMACY, INC., CVS HEALTH SOLUTIONS LLC, 885 CENTRAL LLC, CVS ALBANY, LLC, CVS PHARMACY #417, ABC CORP., XYZ, LLC, JOHN DOES 1 Through 10, and JANE DOES 1 Through10, individually, jointly, severally and in the alternative, for such compensatory and exemplary damages as will reasonably and properly compensate him in accordance with the laws of the State of New York, together with interest, attorneys fees, costs of suit and such other relief as a jury would find fair, adequate and just.

DATED: Mineola, New York
July 31, 2024

**MARK S. GURALNICK**
*A Professional Corporation*

**Mark S. Guralnick, Esq.**
*Attorney for the Plaintiff*
170 Old Country Road, Suite 600
Mineola, NY 11501
(347) 229-9700
Fax: (800) 613-2585
msg@guralnicklegal.com

**STATEMENT REGARDING EXCEPTIONS IN CPLR § 1602**

One or more of the exceptions in CPLR § 1602, including but not limited to Subsection (b)(2)(iv), are applicable to all causes of action, and Defendants are jointly and severally liable with all other tortfeasors whether parties to this action or not.

WHEREFORE, Plaintiff demands judgment against Defendants on all causes of action in an amount that exceeds the jurisdictional limitations of all lower courts that would otherwise have jurisdiction over this action, together with the interest, costs, and disbursements of same as allowed by law.

DATED: Mineola, New York
July 31, 2024

**MARK S. GURALNICK**
*A Professional Corporation*

**Mark S. Guralnick, Esq.**
*Attorney for the Plaintiff*
170 Old Country Road, Suite 600
Mineola, NY 11501
(347) 229-9700
Fax: (800) 613-2585
msg@guralnicklegal.com

**CERTIFICATION PURSUANT TO § 130-1.1a**
**OF THE RULES OF THE CHIEF ADMINISTRATOR (22NYCRR)**

Pursuant to Section 130-1.1a of the Rules of the Chief Administrator (22 NYCRR) the within Summons and Complaint is certified to the best of the undersigned's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, and the undersigned further certifies that the presentation of the papers or the contentions therein are not frivolous as defined in subsection (c) of Section 130-1.1, and the matter was not obtained through illegal conduct nor obtained in violation of 22 NYCRR 1200.41a [DR 7-111].

DATED: Mineola, New York
July 31, 2024

**MARK S. GURALNICK**
*A Professional Corporation*

**Mark S. Guralnick, Esq.**
*Attorney for the Plaintiff*
170 Old Country Road, Suite 600
Mineola, NY 11501
(347) 229-9700
Fax: (800) 613-2585
msg@guralnicklegal.com

**VERIFICATION**

STATE OF NEW YORK )
) ss
COUNTY OF ALBANY )

KEVEN STEBBINS, being duly sworn, depose and says:

I am the Plaintiff in the action herein. I have read the annexed COMPLAINT and I know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters, I believe them to be true. My belief as to those matters therein not stated upon knowledge is based upon facts, records, and other pertinent information contained in my personal files.

KEVEN STEBBINS

Sworn to and subscribed to,
Before me, the undersigned authority,
On this 31 day of July 2024

NOTARY PUBLIC

ERIANA M PERRY
NOTARY PUBLIC-STATE OF NEW YORK
No. 01PE0002804
Qualified in Albany County
My Commission Expires 03-15-2027