UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

KEVEN STEBBINS,

                Plaintiff,

- against -

CVS HEALTH CORPORATION, et al.

                Defendants.

**MOTION TO REMAND**

Index No.: 1:24-cv-01047-AMN-ML

State Court Index No.: 907379-29

---

      Defendant, CVS Albany, LLC, by and through its counsel, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, ask this Court to Remand this case to the State Court from which it was removed pursuant tot 28 U.S.C. §1447(c).

      1.     On July 31, 2024, Plaintiff Keven Stebbins commenced this action in the Supreme Court of the State of New York, Albany County for purported negligence and malpractice, negligent hiring and negligent training and supervision arising out of Plaintiff allegedly being provided an incorrect prescription, Xanax instead of Gabapentin, which sent Plaintiff on a tailspin.

      2.     Defendant CVS Albany, LLC (hereinafter "CVS" or "Moving Defendant") was served on July 31, 2024.

      3.     Following a review of Plaintiff's Complaint, on August 27, 2024, Moving Defendant timely filed a Notice of Removal from Albany County to the United States District Court, Northern District of New York pursuant to 28 U.S.C §1446(b)(1). *See* Dkt. 1.

1

4. The basis for the Moving Defendants Notice of Removal was 28 U.S.C § 1332 (a), which allowed a State action to removed to Federal Court if there complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and cost.

5. At the time of filing the Notice of Removal there was complete diversity was established because Moving Defendants is a corporation incorporated under the laws of the State of Rhode Island, with its principal place of business in Woonsocket, Rhode Island and Plaintiff is a citizen of New York.

6. The amount in controversy was established based on Plaintiff's allegations in his Complaint that, as a result of CVS's alleged conduct, Plaintiff has been "damaged in a sum far exceeding the jurisdictional limits of all lower courts."

7. Following filing the Notice to Removal in this Court, the Notice of Removal was served to Plaintiff and a conference was scheduled in this Court on October 16, 2024 before Magistrate Judge Miroslav Lovric. *See* Dkt. 8.

8. On October 16, 2024, prior to the conference, Plaintiff's Counsel from the State Court action notified me that the total amount of damages in this action will be capped at $75,000 or below.

9. At the scheduled conference scheduled via TEAMS, Plaintiff and his State Court counsel told the Court that the amount in controversy is below $75,000, as a result, Moving Defendant has no basis to maintain its action Federal Court based on 28 U.S.C 1332 (a).

10. Based on Plaintiff's representation at the conference, Hon. Lovric directed that Defendant submit a motion to remand this matter back to State Court.

11. Consequently, based on the recent development in this matter from Plaintiff, which confirmed that the damages in this matter will be capped at $75,000 or below, Moving Defendant

respectfully request that this action be removed back to State Court, as the update in the controversy amount eliminated jurisdiction from this Court.

Dated: October 29, 2024
       Albany, New York

                        Yours, etc.

                        WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

                        By:    *Kadeem Wolliaston*
                               KADEEM WOLLIASTON
                               *Attorneys for Defendants,*
                               *CVS Albany, LLC and 885 Central, LLC*
                               200 Great Oaks Blvd., Suite 228
                               Albany, NY 12203
                               (518) 449-8893
                               Kadeem.wolliaston@wilsonelser.com

TO:    MARK S. GURALNICK, Esq.
        MARK S. GURALNICK, A Professional Corporation,
        *Attorneys for Plaintiff*
        926 Haddonfield Road Suite E222, Cherry Hill, NJ 08002
        Cherry Hill, NJ 08002
        msg@guralnicklegal.com

281004394v.1